# Western Union Telegraph Company *versus* Commonwealth.

1. Under section seven of the Revenue Act of June 7th, 1879, (P. L., 112,) the Western Union Telegraph Company, a corporation chartered under the laws of the state of New York, is taxable by the commonwealth of Pennsylvania upon its gross receipts derived from all sources of its business carried on within the state of Pennsylvania, including messages sent and received wholly within the state, messages sent out of the state from a point within the state, and messages sent through the state.

2. Such construction of the Act of 1879 is not in contravention of Article I, sec. 8, of the Constitution of the United States, which confers upon Congress power to regulate commerce among the several states; nor does it conflict with the provision of the Act of Congress of July 24th, 1866, (Revised Stat., 1019 §§ 5263, *et seq.*,) entitled "An Act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal and military purposes," which said Act had been formally accepted by defendant company.

June 4th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Dauphin county*: Of May Term 1885, No. 23.

This was, in the court below, an appeal by the Western Union Telegraph Company from a settlement by the accounting officers of the commonwealth charging the said corporation with the sum of $2,937.49 for tax on gross receipts for the six months ending June 30th, 1884, under the seventh section of the Act of June 7th, 1879, (P. L. 112.)

The defendant filed a specification of objections and the case was tried, by agreement, under the Act of April 22d, 1874, without a jury, before SIMONTON, P. J., whose findings of fact and conclusions of law were as follows:

1. Defendant is a corporation of the state of New York, and has its principal office in the city of New York in said state; it is doing business in the state of Pennsylvania, and owns and operates telegraph lines extending into and through this state, and into and through most of the other states of the Union; it also operates several leased lines extending into and through this and other states, and it has numerous offices in this as well as in the other states.

2. Defendant received at offices within this state, during the six months covered by this settlement appealed from, for messages sent from point to point within the state, the sum of $170,297.87.

3. It also received at offices within the state during the same period for messages sent from points within the state to points in other states, the sum of $170,000.00.

4. It also received at offices in other states during the same period for messages sent from points in other states to points within this state, the sum of $170,000.00.

5. It also received at offices in other states during the same period for messages sent from points in other states to points in other states, over lines of wire which are partly within this state, the sum of $650,000.00.

6. The telegraph business of defendant, in this state and elsewhere, is transacted through local agents or superintendants, who report to the general office, make settlements, and remit balances monthly into the general treasury of defendant at its general office in the city and state of New York.

7. No more than $340,297.87 of the sums received during the six months covered by the settlement appealed from were actually received, or were at any time after they were received physically within this state, viz.: The $170,297.87 received for messages sent from point to point within the state, and the $170,000.00 received for messages sent from points within, to points without, the state; all the other amounts above specified were received in other states, and were never, after they were received, physically within this state.

8. Defendant, by a resolution of its board of directors, dated June 5th, 1867, formally accepted the provisions of the Act of Congress of July 24th, 1866, entitled, "An Act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal and military purposes."

9. For the purposes of this case, we find that the average proportion of line in this state over which the messages specified in paragraphs three and four above were sent was one third, and that over which the messages specified in paragraph five were sent was one twelfth.

Defendant contends that the tax sought to be imposed upon it in this proceeding is invalid, for the following reasons, viz.:

*First.* Because it is an attempt to tax "property" owned in New York by a New York corporation, "in violation of a necessary implication of the Constitution of the United States that each state shall have jurisdiction only over property within its territorial limits."

In considering this objection, we must keep in view the facts of the case, which show that the "property," taxed is the money which accrued to defendant as gross receipts from business transacted by it within the state of Pennsylvania. We do not know of any provision or implication of the Constitution of the United States which prohibits the taxation of such receipts. There certainly is no provision or "implication that each state shall have jurisdiction only over property within its territorial limits." It may have jurisdiction over the property and not over the person, or over the person and not over the property ; the latter as well as the former may give jurisdiction to tax receipts such as we are concerned with in this case.

And notwithstanding the legal fiction that a corporation "must dwell in the place of its incorporation, and cannot migrate to another sovereignty," we hold that when a corporation does business in a state other than the one which created it, it is there present so as to subject itself to the jurisdiction of the state for some purposes, among which is that of taxation. The principles which lead to this conclusion are clearly stated in St. Clair *v.* Cox, 106 U. S., 350, where it is said at page 355 : "All that there is in the legal residence of a corporation in the state of its creation consists in the fact that by its laws the corporators are associated together and are allowed to exercise as a body certain functions with a right of succession in its members. Its officers and agents constitute all that is visible of its existence, and they may be authorized to act for it without, as well as within, the state. There would seem, therefore, to be no sound reason why, to the extent of their

agency, they should not be equally deemed to represent it in the states for which they are respectively appointed when it is called to legal responsibility for their transactions."

*Second.* Defendant contends that the tax is invalid because it is a regulation of commerce between the several states, which is forbidden by clause four of section eight of Article I of the Constitution of the United States.

The Supreme Court of the United States has decided in Reading Railroad Company *v.* Pennsylvania, 15 Wall., 284, that a tax on gross receipts accruing from the transportation of freight between the states is not a regulation of commerce. This was followed in Philadelphia and Southern Mail Steamship Company *v.* Commonwealth, 104 Penna. St., 109. We are unable to distinguish this case from those, and we are bound by them until, if ever, they are overruled or reversed. It certainly cannot be any more a regulation of commerce, as contended by defendant, to tax gross receipts which have accrued from business done within the state, but which have not been physically within the state, than it would be if such receipts had been physically here. If their physical absence from the state would render the tax invalid it must be for a reason other than that it is a regulation of commerce.

*Third.* Defendant contends that the tax is invalid because it is in conflict with the Act of Congress, approved July 24th, 1866, which was accepted by defendant.

No fact has been shown, or reason given, why this is so, and we know of none.

We decline to find all or any of the conclusions of law which we are requested to find by defendant with the same effect as if each were referred to by number and separately declined.

Instead thereof, we find the following :

1. That defendant is liable for the tax in question upon the whole sum of $170,297.87, gross receipts, for messages sent from point to point within the state.

2. That defendant is liable for said tax upon one third of $170,000.00, gross receipts, from messages sent from points within the state to points in other states.

3. That defendant is liable for said tax upon one third of $170,000.00. gross receipts, from messages sent from points in other states to points within this state.

4. That defendant is liable for said tax upon one twelfth of $650,000, gross receipts, for messages from points in other states to points in other states which passed over lines partly within this state.

5. There is due from defendant to the commonwealth, in this case, as follows :

| | |
|---|---:|
| Receipts for messages within the state, $170;297.87; tax, . . . . . | $1,362 38 |
| Receipts for messages sent out of the state, $170,000, $\frac{1}{3}$=$56,666.67; tax, . . . | 453 34 |
| Receipts for messages sent into the state, $170,000, $\frac{1}{3}$=$56,666.67; tax, . . . | 453 34 |
| Receipts for messages sent through the state, $650,000, $\frac{1}{12}$=$54,166.66; tax, . . . | 433 33 |
| Interest from January 20th, 1885, to May 12th, 1885, at 12 per cent. per annum, . | 99 99 |
| Attorney General's commission, 5 per cent., . | 135 11 |
| | $2,937 49 |

For which sum judgment is directed to be entered against defendant, if exceptions be not filed within the time limited by law.

Defendant filed exceptions to the ruling of the court upon the offers and the conclusions of law, which were subsequently overruled and judgment was entered for the commonwealth for the amount found to be due.

Defendant then took this writ, assigning for error the ruling of the court that the Act of June 7th, 1879, was not in conflict (1) with § 8 of Art. I. of the Constitution of the United States, or (2) with the Act of Congress of July 24, 1866, which had been duly accepted by the company defendant; and also specifically each of the conclusions of law, and the entry of judgment in favor of the commonwealth.

*M. E. Olmsted* (*Willard Brown* with him), for plaintiff in error.

Chief Justice MERCUR: In what respect or upon what principle does this case differ from the line of cases we have already decided?

*Mr. Olmsted:* I frankly say that it is not distinguishable from the Pullman's Palace Car Company cases, argued and decided last year (11 Outerbridge, 148, 156). Those cases have been taken to the Supreme Court of the United States, and this case is on its way there, should the judgment be affirmed.

*Robert Snodgrass,* Deputy Attorney General and *Lewis C. Cassidy,* Attorney General, for the commonwealth, were not called upon.

The opinion of the court was filed June 4th, 1885.

PER CURIAM. This judgment is affirmed on the opinion of the learned judge in the court below.