(xx)

COMMONWEALTH v. LEHIGH VALLEY R. CO.

COMMONWEALTH v. LEHIGH VALLEY R. CO.

APPEALS BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF DAUPHIN COUNTY.

Argued June 4, 1889—Decided June 28, 1889.

1. Under § 7, act of June 7, 1879, P. L. 116, a state tax may lawfully be imposed upon the gross receipts of railroad companies, etc., for transportation of freight and passenger by continuous carriage from one point in Pennsylvania through another state to another point in Pennsylvania.

2. The fact that the persons or property, carried continuously from one point to another in the same state, may pass the boundaries of the state, does not create inter-state commerce to be regulated by Congress under § 8, article I. of the constitution of United States.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 23, 24, May Term 1889, Sup. Ct.; court below, Nos. 524, 576 June Term 1888, C. P.

On August 9, 1886, the Lehigh Valley Railroad Company returned to the auditor general, the sum of $3,925,552.14, as its gross receipts for tolls and transportation, telegraph business, telephone business, express business, and transportation of coal mined, purchased or sold, for the six months ending June 30, 1886, and that the total miles of line were 326.61, of which 260.69 were in Pennsylvania. Whereupon, on September 9, 1886, the auditor general and state treasurer made the following settlement of account against the company for taxes:

" For tax on gross receipts, per act of June 7, 1879, for six months ending June 30, 1886, as per reports herewith filed.

| | | | |
|---|---|---|---|
| Gross receipts, | . . . | $3,925,552 14 | |
| Proportion taxable in Penna., $\frac{260.69}{326.61}$, | 3,133,254 31 | | |
| Tax at rate of eight tenths of one per cent, | | $25,066 03 | |

Due commonwealth, . . . . . $25,066 03 "

On June 8, 1887, the company appealed from the foregoing settlement, and the cause was submitted to the decision of the court, without a jury, under the provisions of the act of April 22, 1874, P. L. 109.

On December 3, 1888, the court, SIMONTON, P. J., filed the following decision:

### FINDINGS OF FACT.

1. The defendant is a railroad company doing business in this commonwealth. Its own railway is partly within, and partly without, the state of Pennsylvania, and it connects also with other lines in other states.

2. For the six months ending June 30, 1886, its gross receipts for transportation were $3,925,552.14. Of this amount $1,084,781.40 was received for transportation beginning and ending in Pennsylvania without passing out of the state in course of transit; $122,833.05 was received for transportation, by continuous carriage, of freight and passengers from one point in Pennsylvania to another point in Pennsylvania, which freight and passengers were carried out of state and in again in course of transit. [So far as the defendant is concerned, the transportation was from Mauch Chunk, Pennsylvania, to Phillipsburgh, New Jersey, and the receipts named were for that particular transportation. But the freight and passengers were

there delivered upon the railroad of another company, to wit, the Belvidere Delaware Railroad Co., a line operated by the Pennsylvania Railroad Co., upon which railroad it was carried to Trenton, and thence, by other lines of the Pennsylvania Railroad Co.'s system, to Philadelphia. By running arrangements between these companies the transportation was continuous, and the freight and passengers were, when their transportation commenced at Mauch Chunk, destined for Philadelphia, and were actually there delivered. The transportation of passengers was upon tickets, a form of which is hereby referred to, hereto annexed, and marked exhibit A. The transportation of freight was upon the joint way-bill of the Lehigh Valley and Pennsylvania Railroad companies, and this way-bill covered the whole transportation. The total receipts from this transportation, seven per cent of which were collected by the Lehigh Valley Railroad Co. at point of shipment, and the remainder by the Pennsylvania Railroad Co. at point of destination, were apportioned between the companies upon a mileage basis; that is to say, each company's share was in the proportion that the number of miles carried by it bore to the total number of miles carried. One twentieth of the said receipts were derived from passenger transportation;] [3] $43,026.82 was received for transportation from points in foreign states to other points in foreign states, not touching Pennsylvania; $39,599.44 was received for transportation from points in a foreign state to other points in the same state, passing through the state of Pennsylvania in course of transit; $227,304.50 was received for transportation from points in other states to points in Pennsylvania; $2,203,347.87 was received for transportation from points in Pennsylvania to points in other states; and $204,659.06 was received for transportation from points in a foreign state to points in a third state, passing through the state of Pennsylvania in course of transit. In the last four classes and the second class, the transportation was continuous from the point of beginning to the point of ending, and the freight and passengers were carried for a single sum or charge, and upon a single way-bill or ticket.

3. This settlement taxes $\frac{860.69}{3236.81}$ of the entire sum of $3,925,552.14 (that fraction representing defendant's mileage

within the state) for the six months ending June 30, 1886, and is made under § 7 of the act of June 7, 1879, P. L. 116.

4. On the fourteenth of August, 1888, the defendant paid to the commonwealth the sum of $7,500.

### CONCLUSIONS OF LAW.

The questions raised here have been discussed in Commonwealth v. Del. & H. Canal Co., 21 W. N. 406; affirmed 22 W. N. 525; and Commonwealth v. New York, etc. R. Co., 21 W. N. 410. For the reasons there given, we hold that the commonwealth can recover tax only upon the sums of $1,084,781.40 and $122,833.05.

The sum due the commonwealth is as follows:

| | |
|---|---|
| Tax $\frac{8}{10}$ of one per cent upon $1,207,614.45, . . | $9,660.92 |
| Upon which there has been paid the sum of . | 7,500.00 |
| | |
| Leaving a balance of . . . . . . | $2,160.92 |
| Interest from November 15, 1886, to October 10, 1888, | 493.41 |
| Attorney General's commission, . . . | 483.05 |
| | |
| Total, . . | $3,137.38 |

for which amount we direct judgment to be entered if exceptions are not filed according to law.

—The ticket referred to as exhibit A in the above opinion was in the usual coupon form, the first coupon reading, " Mauch Chunk to Philadelphia;" the second reading, " Pennsylvania R. R. (Bel. Del. Div.) Phillipsburgh to Philadelphia;" each stating, " Issued by Lehigh Valley R. R."

To the foregoing decision, the defendant filed the following exceptions:

1. The court erred in including in the judgment directed to be entered in favor of the commonwealth, a tax upon the item of $122,833.05, being the receipts of the Lehigh Valley Railroad Co. for transportation of freight and passengers from Mauch Chunk, Pennsylvania, to Phillipsburgh, New Jersey, said freight and passengers having been carried by the Pennsylvania Railroad Co. from Phillipsburgh, through the state of New Jersey, by way of Trenton, to Philadelphia, as stated in finding of fact No. 2; the taxation of receipts so derived being in violation of that clause of the constitution of the United States which de-

clares that congress shall have power " to regulate commerce with foreign nations and among the several states, and with the Indian tribes." Section 8, article I.[1]

2. The court erred in deciding, relative to the item of $122,833.05, receipts of the Lehigh Valley Railroad Co. for the transportation, from Mauch Chunk, Pennsylvania, to Phillipsburgh, New Jersey, of freight and passengers carried by the Pennsylvania Railroad Company, from Phillipsburgh, through the state of New Jersey, by way of Trenton, to Philadelphia, that " in principle the case before us does not seem to be within the mischief which the commercial clause of the federal constitution was intended to prevent. In reality and substance the commerce here is purely internal, whatever the mere form of it may be." [2]

3. Having found as a fact, concerning the item of $122,833.05, as included in [ ] [3] the court erred in not deciding that the transportation, by the Lehigh Valley Railroad Co., for which the said receipts were derived, was inter-state transportation, and that the taxation of the receipts for such transportation was in violation of that clause of the constitution of the United States which declares that congress shall have power " to regulate commerce with foreign nations and among the several states and with the Indian tribes : " Section 8, article I.[3]

4. The court erred in directing judgment to be entered in favor of the commonwealth for $3,137.38.[4]

On December 17, 1888, the court, SIMONTON, P. J., overruled the foregoing exceptions, and directed judgment to be entered in accordance with the decision filed. Judgment having been entered, the defendant took the appeal to No. 23, assigning as error :

1–4. The overruling of the defendants' exceptions.[1 to 4]

On April 4, 1888, the auditor general and state treasurer made another settlement of account for taxes against the same railroad company for the tax on gross receipts for the six months ending December 31, 1887, as per reports filed. From this settlement an appeal was filed by the company on May 21, 1888. The cause was heard with the foregoing before SIMONTON, P. J., who on December 3, 1888, filed an opinion the same in all respects as that filed in the foregoing cause, save a difference in the

amount of tax found due.    Exceptions to the decision were overruled on December 17, 1888, and judgment entered for the commonwealth.    Thereupon the defendant took the appeal to No. 24, and, the assignments of error being the same, the two causes were argued in this court together.

*Mr. M. E. Olmstead,* for the appellant.

Counsel cited: Phila. etc. Steamship Co., 122 U. S. 326; Commonwealth v. Lehigh V. R. Co., 22 W. N. 525; Passenger Cases, 7 How. 416; Freight State Tax Case, 15 Wall. 275; State Tax on Railroad Gross Receipts, 15 Wall. 284; Fargo v. Michigan, 121 U. S. 230; Telegraph Co. v. Texas, 105 U. S. 460; Ex parte Kohler, 30 Am. & E. R. Cas. 71; Coe v. Errol, 116 U. S. 517; Lord v. Steamship Co., 102 U. S. 541; Wabash etc. Ry. Co. v. Illinois, 118 U. S. 557; Pacif. Coast Steamship Co. v. Railroad Commissioners, 18 Fed. Rep. 10; Sternberger v. Railroad Co., 35 Am. & E. R. Cas. 693.

*Mr. William S. Kirkpatrick,* Attorney General (with him *Mr. John F. Sanderson,* Deputy Attorney General), for the appellee.

Counsel cited: Lehigh V. R. Co. v. Commonwealth, 22 W. N. 525

PER CURIAM:

There is no essential difference in the facts of these two cases. They present the single question whether transportation from one point to another point in the same state is inter-state commerce, for the reason that in the course of such transportation the property in question passes the boundaries of the state. The same point was before us last year in a proceeding between the same parties, and we determined it in favor of the commonwealth.    We adhere to the same ruling now, which will enable the cases to be reviewed by the Supreme Court of the United States, and our decision corrected if erroneous.

The judgment in each case is affirmed.