# EWING v. CITY OF LEAVENWORTH.

## ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 66. Argued December 6, 1912.—Decided January 6, 1913.

A license tax on express companies for receiving and sending packages to and from points within the State is not unconstitutional as an attempt to tax interstate commerce when applied to packages passing between such points by routes lying partly through another State. *Lehigh Valley Railroad* v. *Pennsylvania*, 145 U. S. 192, followed; *Hanley* v. *Kansas City Southern Railway*, 187 U. S. 617, distinguished.

80 Kansas, 58, affirmed.

THE facts, which involve the constitutionality of a license tax on express companies, are stated in the opinion.

*Mr. Branch P. Kerfoot*, with whom *Mr. Frank H. Platt*, *Mr. Jno. T. O'Keefe* and *Mr. George W. Field* were on the brief, for plaintiff in error:

An express company may not be compelled to buy a city license before it may handle in that city packages forwarded by it therefrom to other places in the same State, or from other places in that State thereto, which packages are necessarily partly carried through another State. Such business is interstate transportation, and the city may not prohibit or burden the transaction of such business.

The transportation of express packages between Leavenworth, Kansas, and other stations in Kansas, over railroad lines a large part of which are in Missouri, is interstate commerce. *Hanley* v. *Kansas City Southern Railway Company*, 187 U. S. 617; *Coast Steamship Co.* v. *Railroad Commissioners*, 9 Sawy. 253.

Leavenworth claims the right to license express business which the State of Kansas has no power to regulate,

*Leloup* v. *Mobile,* 127 U. S. 640, 645; *Lehigh Valley* v. *Pennsylvania,* 145 U. S. 192, and *Maine* v. *Grand Trunk,* 142 U. S. 217, do not apply.

*Campbell* v. *Chic., Mil. & St. P. Ry. Co.,* 86 Iowa, 587; *Seawell* v. *Kansas City &c. R. R. Co.,* 119 Missouri, 222; *Railroad Commissioners* v. *West. Un. Tel. Co.,* 113 Nor. Car. 213, were decided simply out of deference to *Lehigh Valley Railroad Co.* v. *Pennsylvania,* 145 U. S. 192; and carry the conclusions of that case too far.

. The ordinance as construed by the Supreme Court of Kansas is invalid because it requires an express company to take out a license to conduct interstate commerce. *Crutcher* v. *Kentucky,* 141 U. S. 47, 57.

The license tax specified in the ordinance is invalid because it is a burden on interstate commerce. It is directly imposed upon the right to do the business. It is not a property tax measured by the amount of receipts. It cannot, therefore, be sustained upon the authority of those cases which hold that a State may collect a property tax based on receipts from interstate transportation. *Leloup* v. *Port of Mobile,* 127 U. S. 640.

*Hanley* v. *Railway,* 187 U. S. 617, 621; *United States Express* v. *Minnesota,* 223 U. S. 335, distinguished.

*Mr. Benjamin F. Endres* and *Mr. Arthur M. Jackson* filed a brief for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Plaintiff in error was the agent of the United States Express Company at Leavenworth, Kansas. He was convicted of violating an ordinance of the city imposing a tax on the business of express companies. The conviction was affirmed in 80 Kansas, 58, and the case is brought here.

Under the ordinance a tax was imposed on the business and occupation of express companies as follows:

"The sum of fifty dollars per year on the business and occupation of Express Company, corporation, or Agency, in receiving packages in this city from persons in the city and transmitting the same by express from this city within this State to persons and places within this State, and receiving in this city packages by express transmitted within the State from persons and places in this State to persons within this city and delivering the same to persons in this city excepting the receipt, transmission and delivery of any such packages to and from any department, agency or agent of the United States, and excepting the receipt, transmission and delivery of any such packages which are interstate commerce; the business and occupation of receiving, transmitting and delivering of the packages herein excepted is not taxed hereby."

The United States Express Company receives express packages at Leavenworth and forwards them by railroad to other cities and towns, some without the State and some within the State, and also delivers packages which have been forwarded to Leavenworth from like cities and towns. All such express packages are required to be brought into or sent out of Leavenworth, which lies west of the Missouri River in Kansas, over the Rock Island Railroad, which runs along the Missouri side of the Missouri River, with a branch across the river to Leavenworth. The Express Company has no other means of transportation of packages in or out of Leavenworth. It therefore follows that every package handled by the Express Company at Leavenworth is brought from or carried into the State of Missouri over this branch of the Rock Island Railroad. The actual carriage in the State of Kansas over such branch is about one mile. The record shows that about ten per cent. of the business done at Leavenworth by the Express Company is between Leaven-

worth and other points in Kansas, but all such business is required to be transported in part at least within the State of Missouri.

The contention in this case is that the tax thus imposed is a regulation of and burden upon interstate commerce, and therefore in violation of the Federal Constitution which vests in Congress the sole authority to regulate commerce among the States.

It is to be observed that the ordinance excludes interstate and Government business. As the Supreme Court of Kansas says (80 Kansas, 62): "The license tax was upon so much of the company's business as was carried on in Kansas. It had an office and local conveyances in Leavenworth for the collection of packages in that city, and it made contracts for transporting these packages to places within the state. Likewise it collected packages in other parts of the state and carried them into Leavenworth, where they were delivered to the consignees. Does the fact that in carrying these packages between points in Kansas they pass over the soil of another state for a short distance make the tax on that business invalid?"

We are of opinion that this case is controlled by *Lehigh Valley Railroad* v. *Pennsylvania*, 145 U. S. 192, in which it was held that a State might tax the receipts of a railroad corporation for the portion of the transportation which was within the State, although the transportation then in question while between points within the State, passed over the railroad which traversed for a part of the way territory of an adjoining State. It was held that a tax upon such receipts did not tax interstate commerce, and this court said (p. 202):

"It should be remembered that the question does not arise as to the power of any other State than the State of the termini, nor as to taxation upon the property of the company situated elsewhere than in Pennsylvania, nor as to the regulation by Pennsylvania of the operations of

this or any other company elsewhere, but it is simply whether, in the carriage of freight and passengers between two points in one State, the mere passage over the soil of another State renders that business foreign, which is domestic. We do not think such a view can be reasonably entertained, and are of opinion that this taxation is not open to constitutional objection by reason of the particular way in which Philadelphia was reached from Mauch Chunk."

The *Lehigh Valley Case* was cited with approval in *U. S. Express Co.* v. *Minnesota*, 223 U. S. 335, 342, as determinative of the proposition that the State of Minnesota might tax the receipts of an express company from the transportation of packages from points within the State to other points therein although the transportation was in part outside the State.

It is contended, however, that the contrary result must be reached, applying the principles laid down in *Hanley* v. *Kansas City Southern Ry. Co.*, 187 U. S. 617. In that case this court declared unconstitutional a law of Arkansas undertaking to fix rates upon railway transportation, the transportation in question in that case being a single carriage partly outside of the State of Arkansas from a point within to another point within the State. In the particular instance the transportation covered 116 miles, of which only 52 miles were within Arkansas and the rest without the State. It was held that the right to regulate such commerce was solely in Congress under the Constitution, and that the transportation was a single and entire thing and as a subject for rate legislation was indivisible. The case of *Lehigh Valley Railroad* v. *Pennsylvania*, supra, was called to the attention of the court, and of that case this court said (p. 621):

"That was the case of a tax and was distinguished expressly from an attempt by a State directly to regulate the transportation while outside its borders. 145 U. S.

204. And although it was intimated that, for the purposes before the court, to some extent commerce by transportation might have its character fixed by the relation between the two ends of the transit, the intimation was carefully confined to those purposes. Moreover, the tax 'was determined in respect of receipts for the proportion of the transportation within the State.' 145 U. S. 201. Such a proportioned tax had been sustained in the case of commerce admitted to be interstate. *Maine* v. *Grand Trunk Railway Co.*, 142 U. S. 217. Whereas it is decided, as we have said, that when a rate is established, it must be established as a whole."

The distinction is applicable here. There is no attempt to fix a rate by the authority of the State, which, while single and complete in itself, covers for a considerable part interstate transportation. The privilege tax levied in this case expressly excludes commerce of an interstate character or business done for the Government, and is levied solely on the business done in the City of Leavenworth in receiving packages from points within the State and in transporting packages to like points. Applying the principles of the *Lehigh Valley Case* to such a situation we are of opinion that, for the purpose of a privilege tax for business thus done, the municipality, acting under authority of the State, did not exceed its just power.

*Judgment affirmed.*