UNITED STATES v. POWERS-WEIGHTMAN-ROSENGARTEN CO.

(District Court, S. D. New York. October 17, 1913.)

COMMERCE (§ 33*)—TRANSPORTATION WITHIN STATE—SHIPMENT OF ADULTERATED OR MISBRANDED ARTICLES—"INTRODUCTION."

The Insecticide Act of 1910 (Act April 26, 1910, c. 191, 36 Stat. 331 [U. S. Comp. St. Supp. 1911, p. 1368]), prohibiting the introduction into any state or territory or the District of Columbia from any other state or territory or the District of Columbia of any insecticide, etc., which is adulterated or misbranded, and providing that any person who shall ship or deliver for shipment from any state to any other state any such article so adulterated or misbranded shall be guilty of a misdemeanor, was not violated by shipping and delivering a certain insecticide for shipment from a point in New York to another point in the same state by a railroad passing through other states en route to the destination, since "introduction" means the bringing into a state of the prohibited article in such a way that it may become a part of the general property in such state, and the mere passing of goods through the state en route to destination does not make them part of the general property of such states.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 26, 81; Dec. Dig. § 33.*]

The Powers-Weightman-Rosengarten Company was informed against for violating the Insecticide Act of 1910. On demurrer to the information. Demurrer sustained.

Robert P. Stephenson, Asst. U. S. Atty., of New York City.
Cardozo & Englehard, of New York City, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HUNT, Circuit Judge. Demurrer to an information containing three counts, each charging a violation of the second section of the Insecticide Act of 1910 (36 Stat. 331). Each count of the information charges that the defendant—

"did ship and deliver for shipment from the city of New York, state of New York, via the Delaware, Lackawanna & Western Railroad Company, through the states of New Jersey and Pennsylvania, to the city of Buffalo, in the state of New York, consigned to Plimpton, Cowan & Co., a certain insecticide," etc.

The demurrer is based upon the ground that the information does not allege facts sufficient to constitute a violation of any of the laws of the United States, and in particular not of the act of Congress known as the Insecticide Act of 1910, in that it appears upon the face thereof that the alleged insecticide referred to in each of the counts of the information was shipped from the city of New York to another city in the state of New York, namely, the city of Buffalo, and not from the state of New York to any other state or territory, or the District of Columbia.

The relevant portion of the insecticide statute reads as follows:

"The introduction into any state or territory or the District of Columbia from any other state or territory or the District of Columbia, or from any foreign country, or shipment to any foreign country, of any insecticide, or Paris green, or lead arsenate, or fungicide which is adulterated or misbranded within the meaning of this act is hereby prohibited; and any person who shall ship or deliver for shipment from any state or territory or the District of Columbia to any other state or territory or the District of Columbia, or to any foreign country, or who shall receive in any state or territory or the District of Columbia from any other state or territory or the District of Columbia, or foreign country, and having so received, shall deliver, in original unbroken packages, for pay or otherwise, or offer to deliver, to any other person, any such article so adulterated or misbranded within the meaning of this act, or any person who shall sell or offer for sale in the District of Columbia or any territory of the United States any such adulterated or misbranded insecticide, or Paris green, or lead arsenate, or fungicide, or export or offer to export the same to any foreign country, shall be guilty of a misdemeanor, and for such offense be fined," etc.

It is clear that under the statute, to constitute guilt, there must have been an *introduction* into a state, territory, or the District of Columbia, from "any *other* state or territory or the District of Columbia," of the misbranded or adulterated insecticide. The second clause of the language quoted declares it a misdemeanor for any person to "ship or deliver for shipment from any state * * * to any *other* state * * * any such article." (Italics are mine.) As I read the statute, "introduction" means a bringing into another state of the prohibited article in such a way as that it may become a part of the general property within that state. Mere passing of the goods through other states en route to the state of destination does not make them part of the general property of those states. U. S. v. Four Bottles (D. C.) 90 Fed. 720.

My conclusion is that the statute was not meant to cover a shipment by a shipper who sends goods from one point to another point in the same state merely because the shipment is by a route through other states. Whether or not such a shipment is interstate commerce is not directly involved, for the reason that the language of the statute does

not attempt to cover a case such as we have under consideration. People v. Abramson, 208 N. Y. 138, 101 N. E. 849. It would also seem that the precise relationship of the carrier to such a shipment is aside from the point necessary for decision. We may assume that Congress could prohibit such a shipment as is involved herein, but it has not done so; hence the cases of Lehigh Valley v. Pennsylvania, 145 U. S. 192, 12 Sup. Ct. 806, 36 L. Ed. 672, and Ewing v. Leavenworth, 226 U. S. 464, 33 Sup. Ct. 157, 57 L. Ed. 303, and Hanley v. Kansas City Southern, 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333, have little direct application. The case of U. S. v. Delaware, Lackawanna & Western (C. C.) 152 Fed. 270, was one where the power of Congress was involved with respect to the regulation of the conduct of railroad carriers transporting goods passing through a state en route between two points in another state.

As the information fails to show a shipment from one state to another, there is no offense stated. The demurrer is therefore well taken and must be sustained.