## Leslie v. Lehigh Valley Railroad Company.

*Workmen's Compensation Act—Interstate commerce—Railroad car carried between points in this State over a road partly in another state.*

1. Claimant, while employed as a brakeman by the defendant company in its yards at Packerton, Pa., fell from a car and was injured. This car was consigned to Philadelphia over a connecting road which passed through another state: *Held,* that he was engaged in interstate commerce, and not within the Workmen's Compensation Act.

2. To bring the transportation within the control of the State as part of its domestic commerce, the subject transported must be under the exclusive jurisdiction of the State during the entire voyage.

Appeal from decision of the Workmen's Compensation Board upon Claim Petition No. 5128. C. P. Carbon Co., Oct. T., 1918, No. 10.

*C. G. Setzer,* for claimant; *J. C. Loose,* for defendant.

BARBER, P. J., July 12, 1921.—This is an appeal by the Lehigh Valley Railroad Company, defendant, from the decision of the Workmen's Compensation Board, filed June 12, 1918, affirming the award of the referee.

The claimant, William J. Leslie, was, on Dec. 24, 1917, employed as a brakeman by the defendant company in its yards at Packerton, Carbon County, Pennsylvania.

Claimant, while so employed, in attempting to jump from a box-car, identified as Norfolk & Western, No. 64739, to another car upon an adjoining track, fell and sustained injuries for which he seeks compensation.

Leslie v. Lehigh Valley Railroad Company.

This car had been received, along with others, on the previous evening from some point in Pennsylvania on the Mahanoy & Hazleton Division of defendant's road, and, at the time of the accident, was attached to four or five other cars, none of which were identified, nor was the car to which claimant attempted to step when he fell.

The destination of this Norfolk & Western car No. 64739 was the City of Philadelphia, and it was one of a train moved over defendant's road from the Packerton yard across the Delaware River to yards at Phillipsburg, in the State of New Jersey, and there delivered to the Pennsylvania Railroad Company, by which company it was carried through the State of New Jersey for a distance not found to a point near Bristol, then across the Delaware River into Pennsylvania and on to the City of Philadelphia.

Under these facts, not disputed, defendant denies liability upon the ground that claimant, at the time of his injury, was engaged in interstate commerce. The only finding we have in relation to the nature of the employment of claimant at the time of the injury is that on the evening of Dec. 24, 1917, while engaged in handling this Norfolk & Western car No. 64739 in defendant's yard, he fell and was injured. The award of the referee affirmed by the board must, therefore, be sustained or set aside as we determine from this single finding whether claimant was or was not engaged in interstate commerce.

The board allowed the claim, relying upon the case of Com. v. Lehigh Valley R. R. Co., 129 Pa. 308, affirmed in Lehigh Valley R. R. Co. v. Pennsylvania, 145 U. S. 192, 36 L. ed. 672 (1892). This was a corporation tax case, and in the later case was limited to the question therein involved, and neither followed nor applied in commerce cases.

In the case of Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902), goods were shipped on a through bill of lading from Fort Smith, Arkansas, via Spiro, in the Indian Territory, to Grannis, Arkansas. The court say: "The transportation of these goods certainly went outside of Arkansas, and we are of opinion that in its aspect of commerce it was not confined within the state. . . . No one contends that the regulation could be split up according to the jurisdiction of state or territory over the track, or that both state and territory may regulate the whole rate. There can be but one rate, fixed by one authority, whether that authority be Arkansas or Congress."

The following from the opinion of Mr. Justice Field in Pacific Coast S. S. Co. v. Railroad Commissioners, 18 Fed. Repr. 10, 13, is then quoted as disposing of the case at bar: "To bring the transportation within the control of the state as part of its domestic commerce, the subject transported must be within the entire voyage under the exclusive jurisdiction of the state:" Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902).

The opinion then continues: "There are some later decisions contrary to those last cited (giving a list). But these decisions were made simply out of deference to conclusions drawn from Lehigh Valley R. R. Co. v. Pennsylvania, 145 U. S. 192, 36 L. ed. 672 (1892), and we are of opinion that they carry their conclusions too far. That was the case of a tax, and was distinguished expressly from an attempt by a state directly to regulate the transportation while outside its borders. And although it was intimated that, for the purposes before the court, to some extent commerce by transportation might have its character fixed by the relation between the two ends of the transit, the intimation was carefully confined to those purposes. Moreover, the tax 'was determined in respect of receipts for the proportion of the transportation

1 D. & C.

within the state.' Such a proportioned tax had been sustained in the case of commerce admitted to be interstate. . . . We are of opinion that the language which we have quoted from Mr. Justice Field is correct."

The case of Wilmington Transportation Co. v. Railroad Commission, 236 U. S. 151, 59 L. ed. 508 (1915), involved the right of a state to prescribe rates for transportation between two points of the same state over a course which traversed the high seas. The court sustained the right of the state, in the absence of any Federal regulations unconnected with railroad transportation, but say (236 U. S. 151, 155, 156, 59 L. ed. 517) : "There is no passage through the territory of another state; the transportation, in its entire course, is subject to a single authority—either that of Congress or that of the state—and the latter would yield to the exercise of the former. The sovereignty of no jurisdiction is encountered. . . . And the same conclusion has been reached with respect to the fixing of rates for railroad transportation which, while beginning and ending in the same state, passes through the territory of another state. The regulation of such rates cannot be 'split up' according to the jurisdiction of the respective states over the track; there must be one rate fixed by one authority, citing Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902)."

In Leibengood v. Missouri K. & T. R. R. Co., 109 Pac. Repr. 988, 28 L. R. A. (N. S.) 985 (Kansas), may be found a full review of the Lehigh Valley R. R. Co. v. Pennsylvania, 145 U. S. 192, 36 L. ed. 672 (1892), and Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902), cases, and in a note, L. R. A. 986, the editor says: "As this is a matter on which the Supreme Court of the United States has the last word, and as this is its last utterance on the subject, it may now be laid down that transportation between points in the same state over a route, part of which is in another state, constitutes interstate commerce." This note gives a long list of authorities following the case of Hanley v. Kansas City So. Ry. Co., and also a list of the cases in which a different conclusion was reached in deference to what was supposed to have been held in Lehigh Valley R. R. Co. v. Pennsylvania.

In Western Union Telegraph Co. v. Bolling, 120 Va. 413, 91 S. E. Repr. 154, a message was sent from one point to another in the same state, but in transmission passed over a line outside the state and required relaying. The court say (page 155 S. E. Repr.) : "Since the case of Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902), there has been no dissent from the proposition that, although the point of shipment and the point of delivery are within the same state, if, during the course of transportation, property passed without the boundary of the state, such a shipment is interstate commerce."

The above is cited in Bateman v. Western Union Telegraph Co., 93 S. E. Repr. 467 (N. C.), and in a note to the same case, reported in L. R. A., 1918 A, 803, supplementing the note in 28 L. R. A. (N. S.) 985, supra, the editor cites and reviews the state and Federal commerce cases upon the question involved in this case.

Both the Federal Courts and our own Supreme Court have uniformly followed the case of Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902), upon the question of commerce, and the earlier case of Lehigh Valley R. R. Co. v. Pennsylvania is nowhere cited or followed as authority upon this question.

"Between Kansas City and the Joplin mining district there are three lines of railway. The Missouri Pacific between these points is wholly within the state, and the other two partly within and partly without the state, and, therefore, between the two Missouri cities of Kansas City and Joplin are

doing an interstate business under the decision of Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902):" St. Louis & S. F. R. R. Co. v. Hadley, 168 Fed. Repr. 317, 340.

"The shipment set forth in the bill began at Johnson, Washington County, and passed through three counties of this state, then entered the State of Oklahoma, all on complainant's own line, and continued thereon to a point in Oklahoma, where it was turned over to a connecting line, the Kansas City Southern, and carried back into Arkansas, and on through that state to its point of destination at De Queen, Ark. That such shipment is interstate commerce is res adjudicata: Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902):" St. Louis & S. F. R. R. Co. v. Allen, 181 Fed. Repr. 710, 715.

"If merchandise is consigned from one point in a state to another point in the same state, but in transit carried through a portion of another state, the transaction constitutes interstate commerce:" United States v. Erie R. R. Co., 166 Fed. Repr. 352, citing Hanley v. Kansas City So. Ry. Co., 187 U. S. 617, 47 L. ed. 333 (1902); Poor v. Iowa C. Ry. Co., 155 Fed. Repr. 226.

"Objection is also made that the state courts are without jurisdiction of an action for unlawful discrimination in freight rates as to such part of the coal which was shipped plaintiff from the Pennsylvania anthracite mining regions by a route which extended for a part of the way into the State of New Jersey, the contention being that jurisdiction over such shipments is without the exclusive province of the Federal Courts. . . . This question was decided in the negative in Com. v. Lehigh Valley R. R. Co., 129 Pa. 308, and affirmed in Lehigh Valley R. R. Co. v. Pennsylvania, 145 U. S. 192. It appears in that case the matter objected to was taxation on transportation receipts on goods hauled between points within the State, but passing for a short distance outside the State. This case was commented on and limited in its effect by the United States Supreme Court in Hanley v. Kansas City So. Ry. Co., 187 U. S. 617. It was there pointed out that the Lehigh Valley R. R. Co. case (145 U. S. 192) was merely one of a local tax on property within the State, based on receipts from transportation wholly within the State, and without including receipts on property which passed outside its borders in the course of carriage between intrastate points. The rule laid down in the Hanley case has been followed in later cases: West Virginia Rail Co. v. Baltimore & Ohio R. R. Co., 26 I. C. C. Reps. 622; United States v. Del., Lacka. & Western R. R. Co., 152 Fed. Repr. 269. In the latter case it was held the word 'wholly,' as used in the provision of the Interstate Commerce Act, which declares it shall not apply to 'transportation of property or to the receiving, storage, delivery or hauling of property wholly within one state,' includes within the act shipments which pass outside the state in the course of their journey between points within:" Hall v. Pennsylvania R. R. Co., 257 Pa. 54, 72, 74.

Many more cases might be cited from the above, and notes upon the same, but the authorities quoted are amply sufficient under the admitted facts to sustain defendant's contention that claimant, at the time of his injury, was engaged in interstate commerce, and that the award of the referee should be set aside.

### Decree.

And now, July 12, 1921, the appeal taken and exceptions filed by defendant June 21, 1918, in the above case are sustained, the award of the referee, affirmed by the Workmen's Compensation Board, set aside, and judgment directed to be entered in favor of the defendant.