## CULVER *v.* WILKINSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 228. Argued April 19, 20, 1892. — Decided May 2, 1892.

In a written-instrument a corporation declared that it held for the benefit of C. certain choses in action, stock and bonds, which it described, and said: "The proceeds arising from the sale of said securities and recovered from said choses in action are to be applied to pay off said notes and interest," and the remainder was to be paid to C. or his legal representatives, "subject to the repayment of moneys expended" by the corporation "in prosecuting claims or selling the securities." The notes

were described, and it was stated that C. was indebted to the corporation in their amount; *Held,* that the declaration did not contain or imply any contract whereby the corporation was bound to prosecute claims or sell securities.

A receiver of the corporation, appointed by a court of New Jersey, having recovered in New Jersey a judgment against C. on notes given in renewal of those specified in the declaration, sued C. on the judgment in the Circuit Court of the United States for the Southern District of New York, and C. sought to give testimony of oral agreements, whereby the corporation agreed to prosecute some of the claims, to pay the expenses of such prosecution, and to do various things in regard to the bonds, and that its failure to do so had caused damages to C., which he claimed to first apply in discharge of the judgment and then recover the balance; *Held,* that the evidence was inadmissible and that it was proper to direct a verdict for the plaintiff.

THE case is stated in the opinion.

*Mr. R. Floyd Clarke* for plaintiff in error.

*Mr. Cortlandt Parker* and *Mr. Wayne Parker* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

In August, 1873, Delos E. Culver borrowed $30,000 from the American Trust Company of New Jersey, a New Jersey corporation, and gave to it two promissory notes therefor. One of said notes was dated Newark, August 2, 1873, for $15,000, with interest, payable to the company at its office in Newark, four months after date, and stated that Culver had pledged to the company as security, with authority to sell the same and to apply the proceeds on the note, 24 first-mortgage western extension bonds of the New York and Oswego Midland Railroad Company, for $1000 each. The second note was dated Newark, August 12, 1873, payable four months after date to the company, at its office in Newark, for $15,000, with interest, and recited a similar pledge of $25,000 of like bonds. Those notes were not paid when due.

On the 23d of September, 1873, a proceeding in involuntary bankruptcy was brought against Culver by a creditor, in the

District Court of the United States for the District of New Jersey. Washington B. Williams was appointed his assignee in bankruptcy; and Culver was discharged by that court on the 1st of December, 1874, from all provable debts against him which existed on the 23d of September, 1873. By that discharge in bankruptcy Culver's liability on the two notes for $15,000 each was discharged.

Among the assets of Culver which came into the hands of his assignee in bankruptcy were three choses in action, described as follows: " Delos E. Culver's claim on the N. Y. and O. Midland Railroad Co., for work performed and materials furnished and damages, payable in stock to amount of $400,000, as set forth in his schedule. Delos E. Culver's claim on the N. Y. and O. Midland Railroad Co., and George Opdyke, for breach of contract in not delivering the first-mortgage bonds of said railroad company to amount of $600,000, as set forth in his schedule. Delos E. Culver's claim against Allen, Stephens & Co., bankers in New York, under separate names of Benjamin F. Allen, Wm. A. Stephens, and Herman Blennerhassett, for balance of account, stated to be about $22,000."

The New York and Oswego Midland Railroad Company, in the fall of 1873, defaulted in paying the interest on its first-mortgage bonds. A bill to foreclose that mortgage was filed, Abram S. Hewitt was appointed receiver in November, 1873, and the railroad remained in his hands as receiver until 1880. Culver had been connected with that railroad company since 1871, and a plan for its reorganization under the foreclosure suit was contemplated. In view of that and of other considerations, Culver arranged to have the above-named choses in action purchased, on their sale by his assignee in bankruptcy, and transferred to the American Trust Company, with the understanding that he would renew his debt which had been discharged in bankruptcy. The choses in action were sold on October 21, 1875, and were bought by Culver in the name of John McGregor, one of the directors of the trust company, for the sum of $9, being for one of them $5 and for the other two $2 each. A formal bill of sale of the three choses in

action was given by the assignee to McGregor, and the $9 was paid.

In the meantime, Culver had become interested in the Jersey City and Albany Railroad Company, which was the successor of the Rockland Central Railroad Company and of the Ridgefield Park Railroad Company, and it was proposed that the three companies last mentioned should be reorganized into the Jersey City and Albany Railway Company of New York and New Jersey. As a part of the transaction, the trust company loaned to Culver $5000, with which to purchase 13 bonds of the Rockland Central Railroad Company and 7 bonds of the Ridgefield Park Railroad Company. A written declaration, dated February 24, 1876, was given to Culver by the treasurer of the trust company, and Culver executed to that company the five promissory notes mentioned in the declaration. The declaration is set forth in the margin.[1]

The $39,631.29, mentioned in the declaration, was fixed

---

[1] Whereas Delos E. Culver, of Jersey City, New Jersey, is indebted unto the American Trust Company of Newark, N. J., in the sum of thirty-nine thousand six hundred and thirty-one and .29 dollars, $39,631.29, for which indebtedness he has given said company his five certain notes or obligations, dated this day, one, $4631.29, due June 27, '76; one $8750, due Aug. 27th, '76; one, $8750, due Nov. 27th, '76; one, $8750 due Feb'y 27th, '77; and one, $8750, due May 27th, '77, all with interest from date.

Now, therefore, the said American Trust Company hereby declares that it holds for the benefit of said Delos E. Culver certain choses in action, stock, and bonds, more particularly described as follows:

Chose-in action against Allen, Stevens & Co.

Chose in action against Geo. Opdyke & Co. & N. Y. & O. M. R. R. Co.

Claim for 4000 shares of the capital stock N. Y. & O. M. R. R. Co.

49 bonds of the N. Y. & O. Midland R. R. Co., western extension.

13 bonds of the Rockland Central R. R. Co.

7 bonds of the Ridgefield Park R. R. Co.

The proceeds arising from the sale of said securities and recovered from said choses in action are to be applied to pay off said notes and interest, and the remainder is to be paid to said Delos E. Culver or his legal representatives, subject to the repayment of moneys expended by said American Trust Company in prosecuting claims or selling the securities.

In witness whereof The American Trust Company has caused its treasurer to set his hand this 24th day of February, 1876, at Newark, N. J.

W. A. WHITEHEAD, *Treasurer.*

Witness: JOHN MCGREGOR.

upon as the amount, with interest, of the indebtedness of Culver to the trust company on the two notes for $15,000 each, and the $5000 loan. The notes given February 24, 1876, were renewed from time to time, until they culminated in 10 notes made by Culver, payable to the order of the trust company, one dated October 29, 1877, at 5 months, for $5046.44; one dated November 28, 1877, at 5 months, for $5588.95; one dated December 3, 1877, at 5 months, for $5084.46; one dated December 31, 1877, at 5 months, for $3598.25; one dated January 5, 1878, at 6 months, for $5149.75; one dated January 15, 1878, at 5 months, for $5127.63; one dated January 15, 1878, at 3 months, for $5062.90; one dated February 15, 1878, at 5 months, for $4437.97; one dated February 25, 1878, at 5 months, for $5170.55; and one dated March 2, 1878, at 5 months, for $5692.50.

Those 10 notes, and five others made by Culver for $200 each, to the order of John McGregor, and endorsed by the latter without recourse, and owned by the trust company, all dated September 4, 1877, payable severally 2, 3, 4, 5 and 6 months after date, being all unpaid, George Wilkinson, who had been appointed receiver of the trust company, by the court of chancery of the State of New Jersey, in January, 1879, commenced an action at law, in March, 1879, against Culver, to recover on the above-mentioned 15 notes, in the Supreme Court of the State of New Jersey. Culver was duly summoned in the action, but made default; and on the 31st of May, 1879, Wilkinson, receiver as aforesaid, recovered a judgment against Culver, in that action, for $54,263.33.

On the 3d of December, 1883, Wilkinson commenced an action on that judgment against Culver in the Circuit Court of the United States for the Southern District of New York. Culver was duly served with a summons therein, and appeared by attorney. The complaint set forth an exemplified copy of the New Jersey judgment, acknowledged as payments thereon made by Culver to Wilkinson, $4532.50 on February 16, 1880, $5000 on April 6, 1881, and $1250 on January 29, 1882, and alleged that no part of the balance of the judgment had been

paid, and that it amounted to $43,480.83, besides interest, for which amount judgment was demanded.

Culver put in an answer to the complaint, admitting that the Supreme Court of New Jersey was a court of general jurisdiction; that Culver was duly summoned in the action therein; that the judgment was recovered to the amount stated; that a copy of the judgment-roll was set forth in the complaint; and that Wilkinson was such receiver. The answer denied that the judgment had not been paid except as stated in the complaint, and that the credits given therein were correct, and averred that more ought to be credited on the judgment. It denied that no part of the balance claimed in the complaint had been paid, and that said balance was correctly stated. It alleged that the judgment had been obtained by fraud, and had been paid by virtue of the facts thereinafter stated in the answer; that the credits set forth in the complaint were credits arising upon sums alleged to have been realized by the receiver out of the collaterals held by him to secure the judgment; and that Culver had never recognized the validity of the judgment or made any payment thereon, except in the manner thereinafter stated. The answer then went into the history of the transactions out of which the judgment arose, and set up that the original $30,000 loan was usurious; that the trust company agreed to prosecute the claims set forth in the declaration of February 24, 1876, and pay itself out of the proceeds, and to pay the expenses of such prosecution and turn over the balance to him; that it neglected and refused so to do; and that he had suffered thereby damage enough to extinguish the amount of the judgment, and, in addition thereto, had suffered damages to the amount of $73,336.67, for which amount, with interest and costs, he prayed judgment "against the plaintiff."

The case was tried in November, 1887, before Judge Shipman and a jury. The court directed a verdict for the plaintiff, which was rendered in the sum of $76,659.96; and for that amount, with costs, making in all $76,698.38, a judgment was rendered against Culver, on November 23, 1887, in favor of "George Wilkinson, receiver of the American Trust Com-

pany of New Jersey." To review that judgment, Culver has brought a writ of error. A motion for a new trial was made before Judge Shipman and denied February 7, 1888. (33 Fed. Rep. 708.)

After putting in evidence the declaration of February 24, 1876, the defendant, as a witness, sought to give testimony of contemporaneous, precedent and subsequent oral agreements, whereby the trust company agreed, as was alleged, to prosecute some of the claims mentioned in the declaration, to pay the expenses of such prosecution, and to advance moneys, and to exchange certain bonds for stock or like security, on the reorganization of insolvent corporations; the failure to perform which alleged agreements, it was contended, had produced great damages to the defendant, which, it was insisted, he could first apply to the discharge of the judgment, and then recover the balance from the plaintiff. The court refused to receive such testimony, and the defendant excepted. The court said : " You can show what the circumstances were surrounding the execution of this document." The court also said : " I will not admit testimony of any oral communication in regard to what was to be done by the trust company with this collateral security. If you have a witness to prove an independent agreement upon the part of the trust company involving the expenditure of money or the performance of things by them in regard to it, then the rule in regard to the altering, adding to or varying a written contract is a different thing."

Subsequently, the defendant asked leave of the court to withdraw from the case that portion of his answer which alleged fraud in obtaining the judgment. The bill of exceptions states that thereupon the court ruled that everything tending to prove fraud in obtaining the judgment in New Jersey was excluded ; and that the defendant submitted to the ruling.

At the close of the testimony, the defendant's counsel proposed to sum up the case, and claimed that the declaration of February 24, 1876, meant that the trust company was to prosecute claims and sell collaterals in a reasonable time. The court said in reply : " I have already stated my idea of the legal

character of this contract; that there was no obligation on the part of the trust company to sell the stocks and bonds except upon a request of the pledger, and there was no obligation to prosecute the claims to suit at their own expense, although such prosecution might have been requested by the pledger, and there is no evidence that there was any request to sell the securities, and there is no evidence of what the law calls negligence on the part of the trust company." The defendant excepted to each branch of that ruling.

The defendant then asked to have the question go to the jury as to the damages arising from the alleged negligence of the trust company, under the defendant's construction of the contract, and excepted to the ruling excluding that question from the jury.

The defendant also asked to go to the jury on the point that the contract was ambiguous, that the jury must view it as to who was to pay the expenses of the transaction, the trust company or Culver, and that that question must be determined on the circumstances of the case, as the facts had been disclosed; and on that theory of the law, and on the contract, the defendant requested the court to let the case go to the jury. The court in reply stated that it saw no question of fact for the jury. The defendant excepted to such ruling, and also to each specific clause of the court's decision on the question as to the meaning of the contract.

The court then directed the verdict for the plaintiff, and the defendant excepted to such direction.

There was properly no evidence to go to the jury, except the judgment, and the case of the plaintiff was fully admitted by the answer of the defendant. It was proper, therefore, to direct a verdict for the plaintiff.

The evidence offered by the defendant was rightly rejected. It was not sought to prove any new or additional agreement other than that contained in the declaration of February 24, 1876, and no consideration for any such new or additional agreement was suggested. The evidence rejected was evidence to add to or alter the terms of the written declaration.

The Circuit Court was correct in holding that the declara-

tion did not contain or imply any contract whereby the trust company was bound to prosecute claims or sell the securities mentioned in it. The language of it is, that the proceeds arising from the sale of the securities mentioned, and recovered from the choses in action, are to be applied to pay off the notes and interest, and the remainder is to be paid to Culver, subject to the repayment of moneys expended by the trust company in prosecuting claims or selling the securities. There was no contract on the part of the trust company to prosecute or to sell, but only the mention of a power to do so. If it did prosecute or sell, the proceeds were to be applied in the way mentioned.

In the opinion of the court denying the motion for a new trial, it is stated that two of the claims mentioned in the declaration of February 24, 1876, were not prosecuted, and that a suit upon another of them had been instituted by Culver, and was thereafter prosecuted successfully by the trust company at its own expense. It is further there said: "It is insisted by the defendant that the necessary implication of the contract is that the trust company was under an obligation to sell the securities, and to prosecute the claims, at its own risk and expense. No request to sell the bonds was proved. I do not perceive that the contract contains, by implication, an agreement on the part of the pledgee that it would sell the bonds and commence suits, and do not think that it can be inferred or presumed from its terms that the trust company bound itself to prosecute suits at its own charge and risk. It cannot fairly be presumed, from the language of the contract, that the obligation of the company differed from those usually and naturally resting upon holders of collateral security of the same character, viz.: that a sale, in the absence of a request to sell, or the commencement of suits, was not compulsory, but was to be at the discretion of the pledgee." We concur in these views.

*Judgment affirmed.*