MARBERRY & SON ET AL. V. FARMERS AND MECHANICS NATIONAL BANK.

No. 691.

**Pleading—Allegata and Probata—Nonnegotiable Collaterals.—** In an action upon the principal debt by a pledgee holding collateral securities that are nonnegotiable, he is not required to account for such securities in the absence of allegation and proof that he has lost or misappropriated them.

APPEAL from Tarrant. Tried below before Hon. N. A. Stedman.

*J. M. Moore* and *Williams & Butts*, for appellants.—Plaintiff held collateral securities to secure payment of the note sued upon, and had authority from defendants to sell any or all of such collateral securities on or after the maturity of the principal note, without demanding payment, or advertising or giving notice of such sale, and was not entitled to judgment on the principal note without producing the collateral securities held by it, or accounting satisfactorily for their nonproduction. Johnstone v. Mills, 25 Texas, 221; Douglass v. Mundine, 57 Texas, 347; Donnell v. Wyckoff, 7 Atl. Rep., 672; Coleb. on Coll. Sec., sec. 106.

*J. C. Randolph*, for appellee.—There were neither pleadings nor evidence that called for the production of collateral securities deposited with appellee, and it not appearing from either that the collateral securities were negotiable instruments, appellee was under no obligation to produce the same or account for not doing so, and the question being raised for the first time in this court should not be considered. Donnell v. Wyckoff, 7 Atl. Rep., 672; Compton v. Blair, 46 Mich., 1; Coleb. on Coll. Sec., sec. 106.

HEAD, Associate Justice.—Appellee sued appellants in the court below to recover a balance alleged to be due on a promissory note for $5500. Defendants answered, (1) by general demurrer, (2) by general denial, (3) by plea of payment, (4) that plaintiff had converted to its own use Stephens County warrants to the amount and value of $1391.20, deposited by them with it as collateral security for the payment of the note sued on.

The evidence developed that at the time of the execution of the $5500 note, appellants also executed another note for the sum of $1986.28, and deposited with appellee Stephens County warrants of the face value above set forth, together with a number of other notes, amounting in all to $7883, as collateral security for the payment of both of these notes; that the contract under which these collaterals were deposited with appellee authorized it to sell the same and apply the proceeds to the payment of the principal notes; that appellee had sold some of the warrants, the face value of which was $1007.20, for the sum of $881.30, for which it had given credit. Other credits were also given upon the notes sufficient to discharge the smaller one, and to reduce the one sued upon to the sum of $2875.10, including attorney fees, for which judgment was rendered.

At the time of the execution of these notes, appellants left in the hands of appellee the sum of $315.48, which the finding of the court, based as it is upon sufficient evidence, establishes was for the purpose of paying an attorney fee they owed.

The other collaterals besides the Stephens County warrants were not mentioned in the pleadings of either of the parties, and were not in any manner accounted for by the evidence upon the trial; nor was the remainder

of the Stephens County warrants, amounting to $384, after deducting the $1007, in any way accounted for.

No evidence was offered by appellants of any conversion by appellee of any of these collaterals, outside of its failure to affirmatively account therefor, as above set forth.

*Opinion.*—That the holder of collateral securities who negligently suffers them to be lost to the owner is chargeable therefor in a plea of setoff to the principal debt, we think there can be but little question. Douglass v. Mundine, 57 Texas, 347; Donald v. Wyckoff, 7 Atl. Rep., 672; Culver v. Wilkinson, 145 U. S., 205. The same rule would of course apply if the holder should convert the collaterals to his own use, as charged in appellant's answer.

We believe, however, there can be as little question that in such case the burden is upon the owner to establish the alleged loss or conversion; and as will be seen from the conclusions of fact above set forth, no sufficient evidence of this was offered by appellants.

In Colebrooke on Collateral Securities, section 106, it is said: "The pledgee of negotiable collateral paper   *   *   *   should be ready, in order to entitle himself to judgment upon the principal note, to produce the negotiable collateral securities or account satisfactorily for their nonproduction, as they may have passed before maturity into the hands of bona fide holders for value without notice;" and that "upon the nonproduction of negotiable collateral securities, and failure to account therefor, the pledgee is chargeable with the face value of the same." The cases referred to to sustain the text, in so far as they are accessible to us, were suits brought to foreclose mortgages, and the failure relied upon was the nonproduction of the negotiable notes the mortgages were given to secure, and it was held that this was necessary.

Without deciding that these authorities would or would not have application to this case, we think it must be conceded that this could only constitute a defense when interposed by proper pleading, and then only to the extent of the alleged value of the collaterals not accounted for. We do not believe the pleas of payment and conversion interposed by appellants in this case can be treated as sufficient for this purpose, even as to the remainder of the Stephens County bonds, and clearly not as to the other collaterals not mentioned in the answer. Again, the authority referred to seems to restrict the rule to the nonproduction of *negotiable* evidences of debt, and neither the pleading nor the evidence in this case shows any of these securities to be of that nature.

The authorities seem to be without conflict, that the holder of the principal debt can maintain suit thereon without first collecting and appropriating the collaterals (Lewis v. The United States, 92 U. S., 618), and

as stated by Mr. Colebrooke, in section 108 of his work above cited, "no change is created in the relations of parties to a contract of pledge by a judgment having been entered upon the principal note. The pledgee is entitled to retain and collect all collateral securities until such judgment. is fully paid."

The pledgor has the right at any time to pay the principal debt and reclaim the securities pledged for its payment; and we think he is sufficiently protected by his right to hold the pledgee accountable for negligence or conversion, without attempting to impose upon the latter the affirmative duty of accounting for these securities until he has been requested to do so by appropriate pleading. Should a tender of payment be made to him, coupled with a demand for the return of the pledge, he would unquestionable be held liable therefor, in case of a refusal without proper excuse (Roberts v. Yarboro, 41 Texas, 453); but until the pledgor sees proper to do this, we think he should be required to furnish evidence of the loss he has sustained.

The court having found that the $315.48 was left with appellee to pay an attorney fee owed by appellants, we do not see upon what principle the latter would be entitled to interest thereon.

What we have said indicates our opinion upon all of the assignments presented by appellants; and as we find no error in the judgment rendered by the court below, it will be in all things affirmed.

*Affirmed.*

Delivered March 21, 1894.