## GUFFEY v. FARMERS' & MERCHANTS' STATE BANK. (No. 2112.)

(Court of Civil Appeals of Texas. Amarillo. March 28, 1923. Rehearing Denied April 18, 1923.)

1. **Appeal and error ⊕⇒959(3)—Pleading ⊕⇒ 236(3)—Allowing trial amendment of pleadings within discretion of court, and not reviewable.**

The allowance or refusal of a trial amendment rests in the discretion of the trial judge, and, unless an abuse of discretion is shown, his ruling will not be disturbed.

2. **Trial ⊕⇒25(13)—Defendant, asserting counterclaim and admitting plaintiff's right to relief, held entitled to open and close in the introduction of evidence and in argument.**

In an action against a bank to enjoin the sale of notes held as collateral security, wherein the bank has counterclaimed for a judgment on plaintiff's indebtedness to it, an admission by the bank that plaintiff is entitled to his injunction and certain other relief sought clearly entitles it to open and close in the introduction of evidence and in the argument.

3. **Pledges ⊕⇒30(3) — Pledgee may contractually avoid liability for failure to collect negotiable instruments in his hands.**

A pledgee must use ordinary diligence to collect negotiable instruments placed in his hands as collateral security, but a contract relieving of such duty or liability for neglect is not void on the ground of public policy.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Pledges ⊙⇒53—Pledgee may at his option sue on debtor's note, or on collateral note held as security.**

A pledgee holding notes as collateral security may, at his option, either sue on the original note of his debtor or on the collateral note.

**5. Pledges ⊙⇒30(3)—Pledgee liable for negligently permitting pledged securities to become worthless by failure to enforce.**

A pledgee is liable for negligently permitting securities to become worthless in his hands by failing to enforce claims at the proper time.

**6. Bills and notes ⊙⇒534—Attorney's fees recoverable on note so providing, though no proof taken thereon.**

In an action on a note providing for the allowance of attorney's fees, *held*, that the contention that, because no proof was offered upon the issue of attorney's fees, the court erred in rendering judgment for the plaintiff on that issue, could not be sustained.

**7. Costs ⊙⇒262—Motion for damages for delay waives objection to consideration of assignments of error.**

An appellee by moving the court to assess damages for delay occasioned by the appeal thereby waives objections to the consideration of assignments of error, and the court is required to examine the entire record for errors.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Action by Roy Guffey against the Farmers' & Merchants' State Bank wherein defendant counterclaimed. From a judgment for defendant, plaintiff appeals. Affirmed.

Curtis E. Thompson and R. J. Dillard, both of Clarendon, for appellant.

Cole & Simpson, of Clarendon, for appellee.

HALL, C. J. On December 16, 1921, the appellant executed and delivered to the appellee bank his promissory note in the sum of $3,358.25, due March 16, 1922, providing for interest at the rate of 10 per cent. per annum from maturity, and 10 per cent. attorney's fees. At the same time he delivered to the bank 17 other notes, executed by various parties, payable to him, and it is alleged that said 17 notes were delivered as collateral security to the principal note first above described. One of the collateral notes, in the sum of $1,000, was executed by J. M. and J. B. Anderson. There were 6 vendor's lien notes signed by Byrd, the first 5 of which were executed in the sum of $500 each, and the sixth being for $250; the first being due the 1st day of December, 1921, and one annually each first day of December thereafter. It is unnecessary to describe the remaining notes. The appellant having failed to pay the principal note, the bank advertised the collateral notes for sale and appellant in-

stituted this suit on the 18th day of May, 1922, for the purpose of restraining by injunction the sale of said notes. A temporary writ was granted.

At the succeeding term of the court the bank answered by general demurrer and a number of special exceptions, and by cross-action against the appellant prayed for judgment for the full amount of its principal note, together with interest and attorney's fees, and for a foreclosure of the pledgee's lien upon the collateral notes above mentioned. The answer refers to the original note as Exhibit A, but it appears that if the note had at any time been attached to the answer it had been lost. The answer further asked for judgment upon two other unsecured notes due the bank from the appellant, aggregating about $400. The appellant replied by general demurrer and special exceptions, and further alleging that the bank had been negligent in not declaring the whole of the said series of vendor's lien notes due, and in not collecting the same, alleging that said notes were worth $2,750, and that the property upon which the lien was reserved to secure their payment was worth $3,000. He set up the fact that the $1,000 note signed by the Andersons was not pledged as collateral, but had been taken by the bank for another and different purpose. The controversy as to this note was eliminated upon the trial, by the bank tendering it into court, with the request that the possession and title of it be decreed to the appellant. In the original pleadings the various stipulations of the principal note were set out by the bank, except the following:

"We hereby authorize the Farmers' & Merchants' State Bank, its officers, agents, or assigns, to collect said collateral when due, crediting the proceeds thereof on the foregoing note, but said bank or any holder shall not be liable for neglect or delay in collecting said note."

This clause was not pleaded by either party until the bank set it up by trial amendment after announcement of ready for trial. The court directed a verdict in favor of the bank, except as to the $1,000 note. The appellant's contention with reference to this phase of the case is not very clear. No objection is made to the filing of the trial amendment.

[1] There is no rule more firmly established by our decisions than that the allowance or refusal of a trial amendment rests in the discretion of the trial judge, and unless an abuse of discretion is shown the ruling of the trial judge will not be disturbed on appeal. Davis v. Collins (Tex. Civ. App.) 169 S. W. 1128; American Warehouse Co. v. Ray (Tex. Civ. App.) 150 S. W. 763. Considering the trial amendment as a part of the bank's pleadings, the failure to attach the note as

an exhibit to the original answer or to the supplemental answer was cured. In any event, the appellant was not surprised by the failure to attach the note as an exhibit to the original answer. He set out the note, with several of its stipulations, in the original pleadings. As far as appears from the record, the case has been tried according to the provisions of the Uniform Negotiable Instruments Law.

[2, 3] Before the trial commenced the bank filed a written admission, in which it is stated that the plaintiff was entitled to have his injunction granted by the court. This admission, together with the further admission above stated, with reference to the $1,000 note, clearly entitled the appellee to open and close in the introduction of evidence and in the argument. Alston v. Cundiff, 52 Tex. 453. The provision in the original note that the bank should not be liable for neglect or delay in collecting the collateral notes is not void upon the ground of public policy. A pledgee must use ordinary diligence to collect negotiable securities placed in his hands as collateral. Douglass v. Mundine, 57 Tex. 344. We know of no statute or decision of any court, and appellant cites none, which would prevent the pledgor and pledgee from entering into a contract to relieve the pledgee of the performance of this legal duty.

[4, 5] The contention is further made that the appellee bank has been negligent in not filing suit upon the 6 vendor's lien notes delivered to it as collateral security, because the first note was overdue at the time the notes were received by the bank, and they each contained the acceleration clause. The rule is that a pledgee may, at his option, sue either upon the original note of his debtor or upon the collateral note. Marberry v. Farmers', etc., Bank, 6 Tex. Civ. App. 607, 26 S. W. 215, writ of error refused, 93 Tex. 667. Of course a pledgee is liable for permitting securities to become worthless in his hands, where this is the result of negligence upon his part in failing to enforce the claim at the proper time; but the appellant alleges that the aggregate amount of the notes is $2,750, and that the land upon which the vendor's lien is retained is of the value of $3,000. According to these allegations the bank has not violated its duty with reference to the notes, nor has the appellant suffered any injury.

[6] It is further contended that, because no proof was offered upon the issues of attorney's fees, the court erred in rendering judgment in favor of the bank upon that issue. This question is settled adversely to appellant's contention in this state. Lanier v. Jones, 104 Tex. 247, 136 S. W. 255; First Nat. Bank of Eagle Lake v. Robinson, 104 Tex. 166, 135 S. W. 372; Frantz v. Masterson (Tex. Civ. App.) 133 S. W. 740; Mosteller v. Astin (Tex. Cr. App.) 129 S. W. 1136.

The court peremptorily instructed the jury to return a verdict for the bank, and upon such verdict judgment was entered for the amount of the notes due from appellant to the bank, aggregating $4,174.52, foreclosing certain chattel mortgages given to secure 3 of the notes and the pledgee's lien upon all of the notes described in the proceedings, except the $1,000 Anderson note. This note was decreed to be the property of the appellant.

[7] The appellee filed numerous objections to the assignments and propositions, and to some of the proceedings in the trial court, but in its brief insists that 10 per cent. damages for delay should be assessed. Objections to the consideration of assignments of error are waived, when the appellee moves the court to assess damages for delay, since the effect of such a motion is to require us to examine the entire record for errors. Davis v. Teal (Tex. Civ. App.) 200 S. W. 1166.

The motion to strike out the assignments of error and statement of facts is overruled. We are not convinced that the appeal is frivolous, and that it is prosecuted for delay. The judgment will therefore be affirmed, without the 10 per cent. damages prayed for.

Affirmed.