**JEFFERSON STANDARD LIFE INS. CO. v. WISDOM.**

No. 6488.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1932.

Wm. H. Watkins, of Jackson, Miss., for appellant.

Hugh V. Wall, of Brookhaven, Miss., and Fulton Thompson, of Jackson, Miss., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Jefferson Standard Life Insurance Company sought relief in equity against the receiver of First National Bank of Brookhaven, Miss., on account of a collection made by the bank which had not been paid over at its failure, lost its case, and appeals. The facts are not disputed, and are these: The insurance company at Greensboro, N. C., having no previous relations with the bank, sent it a draft with these instructions: "Kindly collect the draft and remit this office in New York funds for the full amount, any necessary exchange being borne by the drawee." The collection was made January 3, 1931, but, instead of procuring New York funds, the bank on January 5th sent its cashier's check, drawn upon itself. This the insurance company at once deposited for collection at Greensboro, but before it was presented in Brookhaven the First National Bank on January 12th had ceased to do business. The collection had been made by the bank in part by receiving a check for $5,000 on another bank in Brookhaven, which had paid it through a clearance transaction by giving a check for $9,829.95, for which the First National Bank on January 7th got credit at the Federal Reserve Bank in New Orleans. Its credit balance there remained above $5,000 until January 12th, the day of failure, when the balance was about $16,000. The Reserve Bank on that date applied this balance to the redemption of First National Bank's indorsements on five notes aggregating $16,000 which had been rediscounted in the Federal Reserve Bank, and sent the notes to the receiver of the First National Bank, who still has them or their proceeds. On these facts the $5,000 collected for the insurance company is clearly traced into the $16,000 in the hands of the Federal Reserve Bank. No cash was handled, but a tracing of credits suffices. Washington Loan & Banking Co. v. Fourth National Bank (C. C. A.) 38 F.(2d) 772. The insurance company, as owner of the $5,000 collected, was

entitled in equity to a lien on the fund in which it was thus commingled. Peters v. Bain, 133 U. S. 670, 693, 10 S. Ct. 354, 33 L. Ed. 696.

Had the Federal Reserve Bank absorbed the fund by an offset that resulted in no gain to the receiver, the tracing would have fallen short of reaching the assets in his hands, but the fund was in effect invested in the $16,000 of notes which by its application were released and returned to the receiver. Upon these notes and their proceeds, the insurance company has the same lien as it had on the money which purchased them for the receiver. But it was held by the District Court, and is urged here, that the insurance company waived its ownership of the collection and consented to accept the First National Bank as its debtor by accepting the cashier's check sent it. The bank did not forward "New York funds," meaning probably New York Exchange, as authorized to do, but for some undisclosed reason attempted to transmit the proceeds otherwise. It could not thus acquire ownership of the proceeds of collection unless by consent or estoppel of the insurance company. If the insurance company had used the cashier's check for some collateral purpose of its own, as by using it to pay some debt, there would be ground to contend that it was accepted in lieu of the collected fund. But the natural interpretation of the sending of the check is that the bank was representing that the collected fund was on hand and would be paid over on presentation of the check. In depositing it for collection, the insurance company merely treated it as a means of getting payment, and not as payment. When the check was dishonored, the rights of the insurance company at its option stood unaffected by the check. A check is not payment until itself paid, unless specially accepted as payment. 21 R. C. L. Payment, § 59; Kinard v. First Nat. Bank, 125 Ga. 228, 53 S. E. 1018, 114 Am. St. Rep. 201; Wileman v. King, 120 Miss. 392, 82 So. 265, 5 A. L. R. 584. A bank holding funds as a collecting agent cannot make itself a debtor and acquire title to the funds by unauthorizedly commingling them with its own and sending its principal a bad check; nor is this result produced through ratification or waiver by the principal's fruitlessly presenting the check for payment directly or through other banks. The check is sent with an implied representation that it is good. It is accepted as payment, if paid. By its dishonor the arrangement proposed in sending it wholly

fails at the option of the holder. City of Miami v. First Nat. Bank, 58 F.(2d) 561; Ellerbe v. Studebaker Corp. (C. C. A.) 21 F. (2d) 993; Holder v. Western German Bank (C. C. A.) 136 F. 90; Edwards v. Lewis, 98 Fla. 956, 124 So. 746; Bank of Poplar Bluff v. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754; Federal Reserve Bank v. Peters, 139 Va. 45, 123 S. E. 379, 42 A. L. R. 742.

The cause is reversed and remanded, with direction to enter a decree for the insurance company fixing a lien for $5,000 upon the notes or their proceeds above referred to.

Reversed and remanded.