## SAVAGE OIL CO. v. JOHNSON et al.
### No. 3941.

Court of Civil Appeals of Texas. El Paso.
April 25, 1940.

Rehearing Denied May 23, 1940.

J. E. Quaid, of El Paso, for appellant.

Chas. Owen, J. M. Deaver, and C. W. Croom, all of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of El Paso County in favor of Mrs. E. M. Johnson, plaintiff, against Savage Oil Company, defendant, in the sum of $1,327.51; further adjudging and foreclosing a landlord's and chattel mortgage lien against certain personal property. In the judgment defendant J. C. Ross is awarded, on his cross-action, a judgment against the plaintiff in the sum of $270, and same is adjudged a lien in that amount against the recovery of the plaintiff against the Savage Oil Company. Relief was denied defendant Savage Oil Company on its cross-action. The trial was before the court, and findings of fact and conclusions of law do not appear in the record. Defendant Savage Oil Company perfected appeal from the judgment.

Plaintiff in her petition alleged she was a married woman, but that for more than two years prior to the institution of her suit she had been permanently separated from her husband, and that since said time he had not lived with or supported her; that her husband was a non-resident of the State, and that his consent could not be procured to join in the suit, and that at all times mentioned she had acted as a feme sole, and was entitled to bring and prosecute the suit in her own name.

She sought recovery on a note signed by appellant and for rents delinquent on a lease executed and delivered by her to appellant on certain of her property situated in the City of El Paso, and for a foreclosure of a lien on certain personal property securing the amounts alleged to be due her on the lease and note; damages were also sought for injury to the leased premises.

Defendant Ross replied by a cross-action seeking to recover for legal services, and asserting a lien on the note sued on by plaintiff to secure payment of his indebtedness.

Appellant replied to appellee's petition by general demurrer, general denial, plea of payment and limitations; further, by cross-action sought recovery from plaintiff for interference with its possession of the

leased premises, and for loss and damage of certain personal property belonging to it, the possession of which plaintiff was alleged to have refused to surrender to it. It was also pleaded that appellee had interfered with appellant's possession of the premises in several different ways to its damage.

Appellant asserts that the court erred in rendering judgment against it, in that plaintiff, being a married woman, failed to prove her allegations showing her right and capacity to prosecute the suit without the joinder of her husband. The pleading in this respect has been summarized. Before passing to a consideration of the evidence it may be mentioned that there was no direct averment that the property leased was the separate property of plaintiff, and further that appellant did not plead in abatement on account of the non-joinder of the husband.

Appellant had possession of the property involved under two leases. The first lease was made to Juan Morales in 1927, and was for a period of five years. This lease, which we shall hereafter call the first lease, was transferred by the lessee to appellant shortly after same was executed. In this lease plaintiff is described as a feme sole by the name of Evangeline Mercier Johnson, also known as Miss Evangeline Mercier. The premises were held by appellant under this lease until sometime in 1932. There was a holding over after the expiration of this lease. In May, 1933, plaintiff executed and delivered to appellant a lease for two years on the property in controversy. Prior to the execution and delivery of this lease plaintiff obtained an order from one of the district courts exercising jurisdiction in El Paso County authorizing her, as a married woman, to execute same. She executed the same under the name of Mrs. Arnett, but recited therein she was also known as Mrs. E. M. Johnson. It is further recited that she was a married woman living separate and apart from her husband, P. G. Arnett, but had authority to make the lease by order of the court. It is recited, in substance, that the property is her separate property.

The date of plaintiff's marriage does not appear. It would seem that she was not married on the date of the first lease in 1927. The property is the same property covered by the second lease. It is a fair and just inference that this property was the separate property of plaintiff.

The consideration for the note sued on was unpaid rent under the first lease. It is clear that insofar as same represents rents due before her marriage, same would constitute her separate property; as to rents becoming due after her marriage on a lease entered into before her marriage, it is perhaps unnecessary to decide as to the status of community or otherwise; the rents coming due under the second lease were clearly community property.

The evidence shows that her husband filed suit for divorce against her, dismissed same, and she filed a suit for divorce which, under the evidence, was probably pending at the time of this trial. Appellant claimed and held the property under a lease which, in substance, recited the authority for the execution thereof to be abandonment by her husband. An order authorizing the execution was referred to, and with such context that the basis of the order could not be other than abandonment by the husband. There is no evidence of any change of relationship between plaintiff and her husband from 1933, the date of the execution of the lease, to the date of the institution of this suit. If there was no change in this relationship, and she had a right to execute the lease, she had a right to institute and prosecute the suit. The theory of appellant's cross-action is that she had authority to act in the premises. There is no plea of abatement shown in the record.

Art. 1983, R.S.1925, authorizes the wife to sue alone for her separate property in case her husband fails or neglects so to do. The arrearages on the note sued on extended over a considerable period of time and he filed no suit thereon. There is no question but that the right to sue for community indebtedness is that of the husband in ordinary cases; and that the husband is ordinarily a necessary party to the suit for the wife's separate property.

Appellant, however, asserts that the note and the rents sued for are presumed to be community property. This contention may be correct, but in exceptional cases the wife may sue to recover community property. Law of Marital Rights, Speer, 3d Ed., Sec. 510, and authorities there cited.

One of these cases is when she has been abandoned and deserted by her husband.

Appellant claimed and held possession under the lease, the validity of which depended on the existence of the very fact of abandonment by the husband. Part of the obligations sued for are under this very lease. At the time the lease was executed appellant had notice of the status of plaintiff as a married woman. The evidence seems to indicate that the relationship between plaintiff and her husband is the same as it was at the time of the execution of the lease. There is no evidence to the contrary. We believe that it was a justifiable inference that at the time of the institution and prosecution of this suit plaintiff's husband had abandoned her within the meaning of the law authorizing the prosecution of suits by the wife for community property.

 We will now consider appellant's assignment, in substance, that the court in face of the undisputed evidence denied it relief on its cross-action. In the cross-action it was alleged that plaintiff took possession of certain of the personal property on the leased premises and refused to allow appellant to remove same therefrom; that part of this property had been stolen and the rest damaged to such an extent as to be almost worthless. The note sued on by plaintiff recites that same was secured by chattel mortgage on the filling station in question. The second lease provides that on the expiration thereof appellant, the rent not being in arrears, might remove its property from the premises. The nature of the property was pumps, tanks, a compressor, and a sheet iron structure. The evidence tended to show that the compressor had disappeared and the other property had been greatly damaged. However, the lease, impliedly at least, gave the plaintiff the right to hold this property pending the payment of the rent. There is no evidence that she converted same to her own use. If she exercised ordinary care in the preservation and custody thereof we think she would not be liable for loss or damage thereto. 49 C.J. p. 946, par. 93; Douglass v. Mundine, 57 Tex. 344; Marberry v. Farmers' & Mechanics' Nat. Bank, 6 Tex. Civ.App. 607, 26 S.W. 215.

It is ordered that the judgment be reformed eliminating $35 from the recovery, and as so reformed affirmed.

It does not appear that this matter was called to the attention of the trial court, hence the costs will be taxed against appellant.

 The trial was to the court and findings consistent with the judgment entered are assumed. We cannot say that there was not evidence sufficient to sustain the findings of the trial court on appellant's cross-action. Appellant could have at any time regained possession of the property in question by payment of the rent.

 The judgment recites that there was due plaintiff under the terms of the lease sued on $875, less a credit of $135, and allowed a recovery of $740 for rents due under the lease. Plaintiff in her petition alleges that $705 was due on the lease after the credit of $135 had been allowed. In this state of the pleading we think the judgment is excessive on this item to the extent of $35.

 Appellee by cross assignment complains of the judgment rendered against her in favor of defendant J. C. Ross on his cross-action. We are without power to consider this assignment for the reason no appeal was perfected from such judgment.

Except as to the matter of the $35 mentioned, we find no reversible error in the case.