**In re Gerald Boyd PRESTON and Kishiko Preston, Debtors.**

**James J. FLEMING, Plaintiff,**

v.

**Gerald Boyd PRESTON, Defendant.**

**Civ. A. No. 82–769–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 27, 1983.

---

**2.** The word alimony was not used because the Virginia statute refers only to maintenance and support.

Ruth A. Gibson, Norfolk, Va., for plaintiff.

Barry L. Jenkins, Virginia Beach, Va., for defendant.

## ORDER

KELLAM, Senior District Judge.

James J. Fleming filed objections to the discharge of Gerald Boyd Preston (Bankrupt) asserting that monies loaned to Bankrupt, evidenced by two promissory notes, one of $9,715.62 and the other for $6,565.30, had been obtained by fraud, thus barring discharge of the debt. Fleming alleged that Bankrupt was a free-lance financial broker, and "expressly contracted that the monies would be used by a California corporation to leverage large life insurance premiums" [Par. 5 of Complaint]; that the funds were not used for that purpose; and that the representations were false. Each of the notes given for the monies advanced were signed by Fleming and Preston, and contained the following language:

> The Lender agrees that Debtor may use the proceeds of this note for whatever purpose he sees fit, including but not limited to, real estate acquisition, business development, or other investment.

Copies of the notes were attached to the complaint and made a part thereof.

When the larger note came due on August 19, 1981, Bankrupt delivered to Fleming a check thereof. The check was returned by the bank for "insufficient funds." The evidence established that Bankrupt knew at the time he issued the check that he did not have sufficient funds in his bank account to cover it.

Bankrupt filed a motion to dismiss and each party moved for summary judgment. The Bankruptcy Court dismissed the complaint as to the note for $6,565.30, but refused to do so as to the note for which

the check had been given. Following presentation of the evidence, the Bankruptcy Court denied a discharge as to the debt for which the check had been issued. Fleming and Bankrupt have each appealed.

There is no material dispute in the evidence. Fleming asserts he should have been permitted to introduce evidence of his alleged agreement as to the restrictions on the use of the monies, regardless of the language in the note. Bankrupt asserts that the denial of the discharge because of the giving of the bad check was erroneous.

I.

As to the note for $6,565.30, the Bankruptcy Court held that evidence of any prior restrictions on the use of the money could not be presented because it was a clear attempt to vary the express written language of the note. Fleming contended that because he alleged fraud, parol evidence was admissible to show that Bankrupt had agreed to invest the funds in specific properties, even though contrary to the language of the note. As to the second note for which the check was given, Bankrupt says that even though the check given for the $9,715.62 note was returned by the bank because of insufficient funds in his account to pay the check, such was not justification to deny his discharge as to that debt.

A.

■ Oral agreements between the parties to a written contract made before or at the time of the execution of the contract are inadmissible to vary, alter or contradict its terms or to affect its construction, because all such alleged oral agreements are considered as merged in the written contract. An unambiguous written contract cannot be varied by proof of a parol agreement different from that contained in the written contract. *Culver v. Wilkinson*, 145 U.S. 205, 12 S.Ct. 832, 36 L.Ed. 676 (1892); *Richardson v. Hardwick*, 106 U.S. 252, 1 S.Ct. 213, 27 L.Ed. 145 (1882); *Hawkins v. United States*, 96 U.S. 689, 6 OTTO 689, 24 L.Ed. 607 (1877). This is the law in

Virginia controlling here, for the contract was made in Virginia. *Lewis v. Lowry*, 322 F.2d 453, 455, (4th Cir.1963); *Rock-Ola Mfg. Corp. v. Wertz*, 282 F.2d 208, 210 (4th Cir.1960). The rule applicable in Virginia was clearly stated in *Pulaski National Bank v. Harrell*, 203 Va. 227, 123 S.E.2d 382, 387 (1962) thusly:

The rule which excludes parol evidence when offered to vary the terms and conditions of an integrated written contract has nowhere been more strictly adhered to in its integrity than in Virginia. It, in effect, declares that, where parties have reduced their contract to a writing which imposes a legal obligation in clear and explicit terms the writing shall be the sole memorial of that contract, and it is conclusively concluded that the writing contains the whole contract, and is the sole evidence of the agreement. *Stewart-Warner Corporation v. Smithey*, 163 Va. 476, 487, 175 S.E. 882 [1934].

The rule is concisely stated in 7 Michie's Jurisprudence, Evidence, § 131, page 489, and many cases cited in support:

"It is conclusively presumed that the whole engagement of the parties was reduced to writing, and all oral testimony of a previous colloquialism between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice possibly of one of the parties, is rejected."

■ While Fleming asserts there was fraud or misrepresentation on the part of Bankrupt, the alleged fraud or misrepresentation is the assertion that Bankrupt would use the money for a specific purpose. Such a contention is completely contradictory of the language of the contract which each of the parties signed. This is not a case where the agreement between the parties has not been reduced to writing, nor is it a case where the offered parol evidence does not contradict the specific language of the written contract. Nor is it

a case of alleged mutual mistake, nor is evidence offered in explanation of ambiguous language, or to cover some item not set forth in the contract, or to show additional independent facts contemporaneously agreed upon in order to establish the entire contract between the parties. The tendered evidence is directly contradictory of the written contract signed by the parties. It was not admissible.

### B.

Bankrupt asserts that the Bankruptcy Court erred in denying a discharge of the debt of some $9,715.62. When the note given for this sum fell due, Bankrupt issued a check for this sum to cover it. The check was returned by the bank for insufficient funds. Fleming therefore says the debt is not dischargeable in bankruptcy because of fraud or misrepresentation. The issue is—does a debt which is otherwise dischargeable become nondischargeable because the debtor attempts to pay the debt by a check that is subsequently dishonored.

Section 523(a) of Title 11 of the United States Code provides that a discharge in bankruptcy does not discharge an individual from any debt

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by

(A) false pretenses, a false representation, or actual fraud, etc.

We commence with the principle that Fleming must "prove every element as to fraudulent conduct charged and this proof must be clear, cogent and convincing." *In Re Walter Duiser*, 8 B.R. 397, 400 (Bkrtcy.W.D.Va.1981). *See also Brown v. Buchanan*, 419 F.Supp. 199, (D.C.Va.1975); *Danns v. Household Finance Corp.*, 558 F.2d 114 (2 Cir.1977). "In view of the well-known purposes of the bankruptcy law, exceptions to the operation of a discharge thereunder should be confined to those plainly expressed." *Gleason v. Thaw*, 236 U.S. 558, 592; 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). To bar a discharge under § 523(a) the party alleging fraud must prove actual or positive fraud, not merely fraud implied by law. *In Re Taylor*, 514 F.2d 1370, 1373 (9th Cir.1975). The objecting party must prove (a) the debtor made the representations, (b) that at the time he knew they were false, (c) that he made them with the intention and purpose to deceive the creditor, (d) that the creditor relied on such representations, and (e) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In Re Taylor, supra.* In accord, *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (D.Va.1967); *In Re Duiser, supra; In Re Eason*, 1 B.R. 604 (ED Va.1979) In substance, what must be proven is that "the creditor sustained the alleged loss and damages as the proximate result of the representation having been made." *Sweet v. Ritter Finance Company, supra*, at p. 543; *In Re Eason, supra*, at 607; *In Re Taylor, supra*, at 1373. Reliance on the statement must be to the prejudice of the creditor.

Fleming sustained no loss by reason of the issuance of the check. He had already loaned the money. Bankrupt obtained no money, property or thing of value by reason of the issuance of the check. The denial of the discharge is for a debt "for obtaining money, property, services, or an extension, renewal or refinancing of credit" by false pretense, representations or fraud. In *Barbachano v. Allen*, 192 F.2d 836, 838, (9th Cir.1951), the Court made that plain when it said:

It is true that the Court found the false pretenses and false representations to have been made, but neither the defendants, nor anyone else, obtained any money or property thereby. Hence, the liability for this sum does not come within the category of debts not affected by a discharge.

Colliers, 15th Ed.Vol. 3 § 523.08(1), page 523–35, says that in order that a debt may come within the present exceptions, money, property or services, or an extension, renewal or refinancing of credit "must actually have been obtained by the false pre-

tenses or representations or by means of actual fraud." In paragraph 523.08, page 523–44 of the same volume, the author says:

If the property (or services) was obtained prior to the making of any false representation, subsequent misrepresentations will have no effect upon the discharge of the debt.

The case of *In Re Eason, supra,* is strikingly similar to the case at bar. There, bankrupt was indebted to Montgomery Ward (Wards). He ordered additional merchandise. Wards refused to ship the merchandise until the past due account was paid. Bankrupt issued his check for the past due account, knowing at the time he did not have sufficient funds in his account to cover the check. Upon receipt of the check, Wards shipped the merchandise ordered. The check was returned for insufficient funds. In the bankruptcy proceedings Wards unsuccessfully sought to bar the discharge as to its debt. There, Wards parted with the shipment of merchandise upon the giving of the check. Here, Fleming parted with nothing of value. Preston neither obtained money, property, services, nor an extension, renewal or refinance of credit. Fleming made no change in his position.

■ The giving and acceptance of the check was not payment of the debt evidenced by the note, not even if the note was stamped paid and cancelled, as a "check is not payment until the check is paid." *Federal Reserve Bank of Richmond v. Peters,* 139 Va. 45, 123 S.E. 379, 386 (1924), for "it is well settled that, in the absence of special agreement to that effect, acceptance of a check does not operate as payment of a debt, unless the check is itself paid." *Cleve v. Craven Chemical Co.,* 18 F.2d 711, 712, (4th Cir.1927). See cases cited in *Cleve; Jefferson Standard Life Insurance Co. v. Wisdom,* 58 F.2d 565 (5th Cir.1932); *State v. Stout,* 142 W.Va. 182, 95 S.E.2d 639 (1956). In the last cited case the Court says that it is only when the giver of a worthless check obtains additional credit by reason thereof and purchases goods as a result thereof that he obtains something of value. The rights between the parties remained the same after the check was dishonored. *See* 60 Am.Jur.2d, p. 640, Subject Payment, Par. 45. The delivery of a "check is at best of limited functional significance," and "in the absence of special agreement, a check is but a conditional payment even when it has been delivered to the payee." *United States v. Forcellati,* 610 F.2d 25, 31 (1 Cir.1979), *cert. denied,* 445 U.S. 944, 100 S.Ct. 1342, 63 L.Ed.2d 778 [cases cited omitted]. It may not be implied that a check is received in absolute payment of a debt "from the fact that upon its receipt evidences of debt are marked paid and surrendered or a receipt is given." *Cleve v. Craven Chemical Co., supra* at p. 712.

II.

Fleming does not bring his claim within the requirements of 11 U.S.C. § 523 so as to bar a discharge of the claim of $9,715.62. The action of the Bankruptcy Court in denying the bar of the claim of Fleming and in granting the discharge of the $6,565.30 note and debt is AFFIRMED. The action of the Bankruptcy Court in denial of the discharge as to the $9,715.62 debt evidenced by the note and check, is REVERSED and the Bankruptcy Court DIRECTED to enter an order discharging the Bankrupt from this debt.